A. A. C. agt. T. C.

SUPREME COURT.

A. A. C. agt. T. C.

In an action between husband and wife for *divorce for adultery,* one of them cannot be a *witness against the other.*

Whatever construction, in other respects, may be given to § 399 of the Code, it does not affect the common law rule that husband and wife cannot be witnesses *against* each other.

*Monroe. Special Term, December,* 1862.

MOTION by plaintiff, *ex 'parte,* for judgment of divorce for adultery.

T. W. COLLINS, *attorney for plaintiff.*

JAMES C. SMITH, Justice. It appears by the report of the referee, on which this motion is based, that the defendant did not appear before him ; that the plaintiff was sworn and examined as a witness in her own behalf, and that she testified to the marriage of the parties, their residence and cohabitation, and also in respect to the adultery charged in the complaint, and to the fact that she had not cohabited with the defendant since she discovered the circumstances from which she inferred his guilt.

I do not think the plaintiff is a competent witness to establish any of the essential facts in this action against her husband. If competent, it can only be by virtue of section 399 of the Code, which permits a party to be examined as a witness in his own behalf. Whatever construction, in other respects, may be given to that section as amended at the last session of the legislature, (*Laws* 1862, *p.* 858, § 31,) it is enough for the present case to say, that it does not affect the common law rule that husband and wife cannot be witnesses *against* each other. Before the amendment referred to, the section above cited, so far as it bore upon the question now under consideration, was as follows : " A party * * may be examined as a witness on his own behalf, * * *except* that neither husband nor wife shall be required to disclose any communication made by the one to the other." This *excepting* clause, which is struck out by the amendment of the last session, was adopted in 1860 ; and while it was in force it was claimed with much plausibility, and was sometimes held at the circuit, that the legislature had thereby removed in all cases the common law disability growing out of the marriage relation, with the exception therein expressed. This view was sustained, in part, at general term, it having been held, both in the seventh and eighth districts, in cases not reported, that under the amendment of 1860 a husband or wife, offered

as a witness for or against the other, was competent, if a *party to the record*, but not otherwise. It is possible that those rulings would have authorized the examination of the plaintiff in this case as a witness in her own behalf and against her husband, if the statute of which they were expositions had remained unchanged; but it is not necessary to pass upon that point, as the decisions referred to, if I understand them correctly, were based solely on the excepting clause adopted in 1860, and of course have no application to cases arising since its repeal. By that repeal, § 399 was restored substantially to the form given to it by the amendment of 1857, so far as the question under consideration is concerned, the intermediate amendments having no bearing upon that question. Under the section as amended in 1857 several decisions were made which I think control this case.

In *Gale* agt. *Gale*, (*MS.,*) which was an action for a limited divorce, the plaintiff on the trial offered herself as a witness in her own behalf, and against her husband. She was rejected as incompetent, and on appeal the general term in the seventh district sustained the decision on the ground that the amendment of 1857 only removed the disqualification of being a party, and consequently all other grounds of incompetency remained.

*Smith* agt. *Smith* (15 *How. Pr. R.*, 165) is on all fours with the case in hand.

The case of *Marsh* agt. *Potter* (30 *Barb.*, 506) adjudges nothing in conflict with the authorities above cited. The only point decided in that case is, that under section 399, as amended in 1857, husband and wife, when *co-plaintiffs* or *co-defendants*, were competent witnesses in their *own behalf*, and also *for* each other; but in actions between *one* of them and a third person, the one was not a competent witness for or against the other. JAMES, J., who delivered the opinion of the majority of the court, adverted to the case of *Gale* agt. *Gale*, (*sup.,*) and said of it : "This

decision can be sustained if the question of public policy is retained as a ground of exclusion where the wife is offered as a witness *against* the husband."

The only other person examined as a witness before the referee, in this case, was a daughter of the plaintiff by a former marriage. The testimony of this witness, and indeed of both witnesses, comes far short of establishing the allegation of adultery. The circumstances proved at most create but a suspicion of the defendant's guilt ; they do not "lead to it, by fair inference, as a *necessary* conclusion, when considered with the guarded discretion of a reasonable man, but are capable of an interpretation consistent with the defendant's innocence." The testimony, therefore, does not warrant the judgment asked for. (*Ferguson* agt. *Ferguson*, 3 *Sand.*, 307.)

The plaintiff may have an order recommitting the report to the referee, to take further proofs and report to the court.